IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 OCT -5 AM 10: 49
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RANDY WADE BICE, *et al.*, | ) |
| Plaintiffs, | ) |
| | ) Civil Action No.__ CV-01-S-2510-S |
| v. | ) |
| | ) |
| JIM WALTER RESOURCES, INC., *et al.*, | ) (Removed from the Circuit Court of |
| | ) Jefferson County, Bessemer Division |
| Defendants. | ) CV-01-1194) |
| | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446 & 1452, defendant Jim Walter Resources, Inc. ("JWR"), gives notice of its removal of this action from the Circuit Court of Jefferson County, Alabama, Bessemer Division, where it is now pending, to the United States District Court for the Northern District of Alabama, Southern Division. JWR states the following as grounds for this removal.

1.  The plaintiffs commenced this action in the Circuit Court of Jefferson County, Alabama, Bessemer Division, on September 20, 2001. Some of the named plaintiffs -- Randy W. Bice, Debra C. Butler, Franklin D. Johnson, George R. Middlebrooks, Charles F. Roubdioux, Robert E. Trevarthen, Michael R. Woodroff, Daniel R. Boyd, Brian M. Kelley and Clarence H. Boyd -- are present or former JWR employees who are or were members of the United Mine Workers of America, the union certified as the collective bargaining representative for union employees of JWR. Some or all of these plaintiffs have asserted claims against JWR arising out of their employment,

including claims of negligence, wantonness, outrage, breach of duty to warn, misrepresentation, suppression and intentional infliction of emotion distress. Correct copies of all of process, pleadings, and orders served upon the defendants or contained in the clerk's file in the state court action are attached as Exhibit A.

2. This action was filed on September 20, 2001. This removal is therefore timely under 28 U.S.C. § 1446(b), since the JWR filed this notice less than thirty days later. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999).

3. This action could have been brought originally in the United States District Court pursuant to 28 U.S.C. § 1331 because at the very least certain of the plaintiffs' claims against JWR are completely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

4. The relationship between JWR and its union represented employees is governed by a collective bargaining agreement. The collective bargaining agreement controls the resolution of this case because some or all of the plaintiffs' claims against JWR will necessarily require the interpretation of JWR's duties and obligations under the collective bargaining agreement. Virtually every aspect of mine safety is governed by the "Health and Safety" article of the collective bargaining agreement, which expressly incorporates the comprehensive and exhaustive mine safety standards set by the Federal Mine Safety and Health Act, 30 U.S.C. §§ 801–962, and the implementing regulations. The Health and Safety article also establishes a Mine Health and Safety Committee and sets out detailed grievance procedures for individual safety rights and safety disputes.

*See* Ex. B. Thus, the collective bargaining agreement necessarily governs any dispute over mine safety between the plaintiffs, or any of them, as members of the United Mine Workers, and JWR, including all matters the plaintiffs raise in this lawsuit. The relevant portions of the 1998 collective bargaining agreement are attached as Exhibit B. At all material times, the terms and conditions of the plaintiffs' employment were governed by the current collective bargaining agreement or its predecessor agreement, which contains substantially similar provisions.

5. Some of the plaintiffs' claims against JWR necessarily require the application and interpretation of the collective bargaining agreement. The plaintiffs contend that JWR made fraudulent misrepresentations and committed fraudulent suppression with respect to the use of isocyanate products. *See* Complaint, Count 18. The plaintiffs also contend JWR breached duties to warn in connection with the use of isocyanate containing products. Complaint, Count 14. These and perhaps other of the claims asserted by the plaintiffs will necessarily require a court to interpret JWR's obligations under the collective bargaining agreement. The plaintiffs cannot prove JWR made any representations to the United Mine Workers concerning mine safety without looking to the collective bargaining agreement. In addition, the plaintiffs claim JWR fraudulently suppressed information from them. *See id.* But JWR had no duty to disclose information to the United Mine Workers independent of the express provisions of the collective bargaining agreement. Likewise, JWR's duty to warn, if any, will be governed by the collective bargaining agreement.

6. Because certain of the plaintiffs' allegations against the JWR arise from and require interpretation of the collective bargaining agreement, § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, completely preempts their claims. *See United Steelworkers of America, AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 368–69, 371–72, 110 S. Ct. 1904, 109 L. Ed. 2d

362 (1990); *Int'l Broth. of Elec. Workers, AFL-CIO v. Hechler*, 481 U.S. 851, 862, 107 S. Ct. 2161, 95 L. Ed. 2d 791 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 218–20, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985); *Clarke v. Laborers' Int'l Union of North America, AFL-CIO*, 916 F.2d 1539, 1541–42 (11th Cir. 1990). The fact that the complaint avoids mention of federal law or the collective bargaining agreement is immaterial. With complete preemption, the federal court "recharacterize[s] the plaintiff's state cause of action as a federal claim for relief, making removal proper on the basis of federal question jurisdiction." 14B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3722.1, at 511 (1998). *See also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1452, 95 L.Ed.2d 55 (1987) (explaining how complete preemption, as a corollary to the well-pleaded complaint rule, is so powerful that it makes any state cause of action "necessarily federal in character").

       7. Because § 301 completely preempts the plaintiffs' claims arising from the collective bargaining agreement between the United Mine Workers and JWR this is a civil action over which the United States District Courts have original jurisdiction under 28 U.S.C. § 1331. *See Metropolitan Life*, 481 U.S. at 63–64; *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560, 88 S. Ct. 1235, 20 L. Ed. 2d 126 (1968); *Pruitt v. Carpenters' Local Union No. 225*, 893 F.2d 1216, 1218–19 (11th Cir. 1990). This action is therefore properly removable under 28 U.S.C. § 1441.

       8. This action is also removable pursuant to 28 U.S.C. § 1452(a) because this court may have jurisdiction over at least some of the plaintiffs' claims under 28 U.S.C. § 1334(b). Some of the plaintiffs' claims may be related to a case under the Bankruptcy Code. Specifically, the plaintiffs' claims against JWR are "related to" the plan of reorganization and discharge of claims

against JWR and its affiliated corporations, recognized in *In re Hillsborough Holdings Corp., et al.*, Case Nos. 89-9715-BKC-8P1 through 89-9746-BKC-8P1 and 90-11997-9P1 (Bankr. M.D. Fla.), pursuant to § 541 of the Bankruptcy Code. The claims against JWR in this lawsuit will have a direct and immediate effect upon the March 1995 discharge entered in JWR's bankruptcy case by the Middle District of Florida, Tampa Division.

9. The plaintiffs' claims against JWR are core proceedings under 28 U.S.C. § 157(b). Without limitation, such claims concern the allowance or disallowance of claims against the bankrupt estate as well as the dischargeability of certain debts. This action is properly removable pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027.

10. This court has supplemental jurisdiction over any otherwise nonremovable claims that form part of the same case or controversy. *See* 28 U.S.C. §§ 1367(a), 1441(c).

11. Pursuant to 28 U.S.C. § 1446(d), a file-stamped copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama, Bessemer Division, and is being served on all parties.

12. Upon information and belief none of the other defendants to this action have been served. Thus, they need not join in this removal at this time. Once the other defendants have been served JWR intends to secure their consent to this removal.

JWR prays that this court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Jefferson County, Alabama, Bessemer Division, and to effect and prepare in this court the true record of all proceedings that may have been had in the state court.

Respectfully submitted,

_____
Phillip J. Carroll III

_____
Scott B. Smith

Attorneys for defendant
Jim Walter Resources, Inc.

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
2001 Park Place, Suite 1400
Birmingham, AL  35203-2736
(205) 521-8000

**CERTIFICATE OF SERVICE**

I hereby certify I have served a copy of this notice of removal upon:

Bill Thomason, Esq.
Thomason & Shores, LLC
Post Office Box 627
Bessemer, Alabama 35021
Phone: (205) 428-0702

Donald W. Stewart, Esq.
Post Office Box 2274
Anniston, AL 36202-2274
Phone: (256) 237-9311

Kasowitz, Benson, Torres & Freidman, LLP
1633 Broadway
New York, NY 10019-6977
Phone: (212) 506-1700

Micon
#25 Allegheny Square
Glassport, PA 15405-1649

| | |
|---|---|
| Flexible Products Co.<br>1007 Industrial Park Drive<br>Marietta, GA 30061 | Sub-Technical, Inc.<br>P.O. Box 1178<br>Mars, PA 16046 |
| BASF Corporation<br>c/o The Corporation Company<br>2000 Interstate Park Drive, Ste 204<br>Montgomery, AL 36109 | BASF Corp., NAFTA<br>c/o The Corporation Company<br>2000 Interstate Park Drive, Ste 204<br>Montgomery, AL 36109 |
| BASF Wyandotte Corporations<br>c/o The Corporation Company<br>2000 Interstate Park Drive, Ste 204<br>Montgomery, AL 36109 | BASF Corp., Aktengesellschaft<br>c/o The Corporation Company<br>2000 Interstate Park Drive, Ste 204<br>Montgomery, AL 36109 |
| RHH Foam Systems, Inc.<br>P.O. Box 100752<br>Cudahy, WI 53110-6113 | Perry Supply Company<br>c/o WH Nelson III<br>813 First Avenue North<br>Birmingham, AL 35023 |
| Supply, Inc.<br>5539 Parwood Circle<br>Bessemer, AL 35022 | Celotex Corporation<br>c/o The Corporation Company<br>2000 Interstate Park Drive, Ste 204<br>Montgomery, AL 36109 |
| Insta-Foam Products, Inc.<br>1500 Cedarwood Drive<br>Joliet, IL 60435-3187 | Green Mountain International, Inc.<br>235 Pigeon Street<br>Waynesville, NC 28786 |
| Cowin & Company, Inc.,<br>Mining Engineers and Contractors<br>301 Industrial Drive<br>Birmingham, AL 35211-4443 | Cowin Equipment Company, Inc.<br>c/o James P. Cowin<br>2300 Pinson Valley Parkway<br>Tarrant, AL 35217 |
| Cowin Acquisition Corporation<br>301 Industrial Drive<br>Birmingham, AL 35211-4443 | United States Steel Mining Company, LLC<br>P.O. Box 599<br>Fairfield, AL 35064 |

via U.S. Mail, first-class postage prepaid, on the ___5___ day of October, 2001.

_____
OF COUNSEL

# EXHIBITS TOO LARGE FOR SCANNING-SEE ORIGINAL FILE